UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER L. PATE, JR.,

    Petitioner,

v.                                        CASE NO. 6:08-cv-2079-Orl-28KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

---

## ORDER

This case is before the Court on Respondents' Motion for Reconsideration (Doc. No. 26) of this Court's April 4, 2011, Order (Doc. No. 20) setting an evidentiary hearing on claims one and two of the habeas corpus petition. Respondents assert that claims one and two are unexhausted and because they did not expressly waive the exhaustion requirement, this Court must deny without proceeding to an evidentiary hearing (Doc. No. 26 at 2-3). Additionally, Respondents contend that this Court may not hold an evidentiary hearing pursuant to *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), decided on the same day that this Court issued its Order setting the evidentiary hearing.

The Court will first address Respondents' second argument, whether an evidentiary hearing can be held on a § 2254 habeas petition in a federal district court. In *Pinholster*, the United States Supreme Court addressed whether habeas review "under § 2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before the federal habeas court." *Id.* at 1398. The Court held that "review under § 2254(d)(1) is limited to the

record that was before the state court that adjudicated the claim on the merits." *Id.; see also Atkins v. Clarke*, No. 10-1870, 2011 WL 1419127, at *2-3 (1st Cir. Apr. 13, 2011) (rejecting the appellant's claim that adjudication on the merits requires a full and fair evidentiary hearing held in the state court and finding that under *Pinholster*, an evidentiary hearing was not warranted in the federal district court); *Jackson v. Kelly*, No. 10-1, 10-3, 2011 WL 1534571, at *12 (4th Cir. Apr. 25, 2011) (noting that pursuant to *Pinholster*, when a claim is adjudicated on the merits in the state court, the federal court is precluded from supplementing the record with facts adduced for the first time at a federal evidentiary hearing); *Diggs v. Sec'y, Dept. of Corr.*, No. 8:10-cv-1235-T-33EAJ, 2011 WL 1532165, at *7-8 (M.D. Fla. Apr. 22, 2011) (noting that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits).

The *Pinholster* Court further stated that its holding did not render § 2254(e)(2) superfluous. 131 S. Ct. at 1400. The Court noted that "[s]ection 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief. For example, not all federal habeas claims by state prisoners fall within the scope of § 2254(d), which applies only to claims 'adjudicated on the merits in State court proceedings.'" *Id.* at 1401. The Court also stated that "[a]t a minimum, therefore, § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." *Id.* (citations and footnote omitted). The "AEDPA's statutory scheme is designed to strongly discourage" state prisoners from submitting new evidence in federal court. *Id.*

Petitioner argues that this Court can hold an evidentiary hearing on claims one and two of the federal habeas petition because they were not addressed on the merits in the state court. In ground one Petitioner claims that trial counsel was ineffective for failing to investigate and inform him that a lawful prescription is a complete defense to the charge of possession of alprazolam, more commonly known as Xanax.[1] Petitioner states he advised counsel that he had a lawful prescription for the Xanax pills he was charged with possessing.

Additionally, in ground two Petitioner alleges that trial counsel was ineffective for failing to investigate and advise him that taking temporary control over contraband with the intent to turn it over to law enforcement does not constitute possession under Florida law.[2] Petitioner raised these claims in his Rule 3.850 motion for post-conviction relief filed with the state court (App. O). The state trial court denied these claims, finding the claims were waived by the entry of Petitioner's plea and that Petitioner had not alleged and demonstrated prejudice (App. P). Because Petitioner's claims were adjudicated on the merits, pursuant to *Pinholster* an evidentiary hearing in this case is not permitted.

---

[1] A valid prescription is a defense to possession of a controlled substance. § 893.13(6)(a), Fla. Stat. (2005); *Neiner v. State*, 875 So. 2d 699 (Fla. 4th DCA 2004).

[2] Petitioner alleges that he took control of crack cocaine purchased by his girlfriend in order to turn it over to police. Florida courts have held that "no crime is committed where a person takes temporary control of contraband in order to make a legal disposition of it by throwing it away, destroying it, or giving it to police." *Stanton v. State*, 746 So. 2d 1229, 1230 (Fla. 3d DCA 1999).

Respondents also argue that Petitioner's claims are unexhausted.[3] Federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999). The exhaustion requirement is not satisfied if a petitioner presents new legal theories or factual claims in his federal habeas petition. *See Anderson v. Harless*, 459 U.S. 4, 6-7 (1982) (citing *Picard v. Connor*, 404 U.S. 270 (1971)). To the extent that Petitioner argues that his plea was involuntary and but-for counsel's deficiencies, he would not have accepted the plea and would have instead gone to trial, claims one and two are unexhausted because Petitioner did not challenge the voluntariness of his plea in the state court (App. O).

This Court is precluded from considering claims one and two as alleged in this proceeding, as they would be procedurally defaulted if Petitioner now raised the claims in state court. *Smith v. Secretary, Dept. of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009) (citing *Snowden*, 135 F.3d at 736 ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.")). Petitioner could not return to the state court to raise the unexhausted portions of grounds one and two, as any Rule 3.850 motion would be untimely or successive. Fla. R. Crim. P. 3.850(b) and (f). Thus, the claims are procedurally

---

[3]In the April 4, 2011, Order setting the evidentiary hearing this Court noted that a portion of claims one and two may be unexhausted, but found that Respondents had failed to raise the issue (Doc. No. 20). Therefore, the Court addressed the merits of the claims.

4

defaulted.

Although procedural default can be excused, Petitioner has neither alleged nor shown cause or prejudice that would excuse a procedural default. *See Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). Likewise, he has not shown the applicability of the actual innocence exception. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claims one and two are procedurally barred from review.

Counsel for Petitioner argues that the Court can hold an evidentiary hearing because Petitioner's unexhausted claims were not considered and adjudicated on the merits in the state court. However, this Court declines to hold an evidentiary hearing on the unexhausted portions of these claims. A federal court is precluded from granting habeas relief unless "the applicant has exhausted the remedies available in the courts of the State." *Lecroy v. Secretary, Fla. Dept. of Corr.*, 421 F.3d 1237, 1261 n. 26 (11th Cir. 2005) (citing 28 U.S.C. § 2254(b)(1)(A)).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Respondents' Motion for Reconsideration (Doc. No. 26) is **GRANTED**.

2. The April 4, 2011, Order (Doc. No. 20) is **VACATED** to the extent that the Court ordered an evidentiary hearing to be held on claims one and two.

3. The Writ of Habeas Corpus Ad Testificandum, issued by the Court on April 8, 2011 (Doc. No. 23) is **VACATED**.

4. The Petition for Writ of Habeas Corpus filed by Walter L. Pate, Jr. (Doc. No.

1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[4] Accordingly, a certificate of appealability is **DENIED** in this case.

6. The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida this 20 day of May, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 5/20
Walter L. Pate, Jr.
Counsel of Record

---

[4]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts,*

> The district court must issue or deny a certificate of appeability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.